# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

MARQUITA CLERK,

    Plaintiff,

v.

ATLANTA POSTAL CREDIT UNION,
PAR NORTH AMERICA INC., AND
ADVANCED RECOVERY SPECIALIST
OF GAINESVILLE INC.,

    Defendants.

_____/

CASE NO.

**COMPLAINT AND TRIAL BY JURY DEMAND**

## NATURE OF ACTION

1.    Plaintiff Marquita Clerk brings this action against Atlanta Postal Credit Union ("APCU"), PAR North America Inc. ("PAR"), and Advanced Recovery Specialist Of Gainesville Inc. ("ARS") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*, as well as the Uniform Commercial Code ("UCC"), Fla. Stat. § 679.101 *et seq.*

## JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

1

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in Ocala, Florida.

5. Plaintiff is allegedly obligated to pay a debt asserted to be owed or due to APCU.

6. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal automobile loan (the "Debt").

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

9. Plaintiff is a "consumer debtor" as defined by Fla. Stat. § 679.1021(v)

10. APCU is a Non-Federal Credit Union that purchases consumer paper in the form of automobile loans.

11. APCU is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by Fla. Stat. § 559.55(6).

12. PAR is an Indiana corporation that operates in Florida.

13. At all relevant times, PAR was acting as a repossession agent working at the behest of APCU.

14. At all relevant times, PAR was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

15. PAR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

16. PAR is a "debt collector" as defined by Fla. Stat. § 559.55(7).

17. ARS is a Florida corporation that at all relevant times were acting as repossession agents working at the behest of APCU and PAR.

18. At all relevant times, ARS was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

19. ARS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20. ARS is a "debt collector" as defined by Fla. Stat. § 559.55(7).

**FACTUAL ALLEGATIONS**

21. Prior to June 25, 2023, Plaintiff purchased a 2018 Dodge Journey (the "Vehicle") from a non-party.

22. Plaintiff purchased the Vehicle on credit.

23. In connection with the transaction, Plaintiff executed a Retail Installment Sales Contract which was subsequently assigned to APCU.

24. As part of the transaction, APCU obtained a security interest in the Vehicle.

25. The Vehicle constitutes "collateral" as defined by Fla. Stat. § 679.1021(1)(*l*).

26. APCU is a "secured party" as defined by Fla. Stat. § 679.1021(ttt).

27. Plaintiff purchased and used the Vehicle for her own personal, family, and household use.

28. The Vehicle constitutes "consumer goods" as defined by Fla. Stat. § 679.1021(1)(w).

29. Prior to June 25, 2023, APCU hired PAR to accomplish the repossession of Plaintiff's Vehicle.

30. PAR in turn hired ARS to undertake the actual repossession.

31. On June 24, 2023, the Vehicle was parked in Plaintiff's locked garage.

32. That evening, one of ARS's employees went to Plaintiff's property to undertake repossession.

33. ARS's employee broke into Plaintiff's locked garage, and repossessed Plaintiff's vehicle.

34. During the repossession, ARS damaged Plaintiff's garage and let her dog run loose.

35. ARS also stole Plaintiff's wallet and keys.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692f(6)(A)
### ARS

36. Florida law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Fla. Stat § 679.609(2)(b).

37. A repossession agent breached the peace if he cuts a lock or otherwise neutralizes an access control device.

38. ARS breached the peace by breaking into Plaintiff's locked garage to accomplish its repossession.

39. A repossession agent's breach of the peace negates a right to possession.

40. Once ARS breached the peace, it lost the right to continue with the repossession.

41. ARS violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession or no right to immediate possession existed.

42. PAR, as the debt collector that hired ARS, is liable for ARS's FDCPA violation.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that ARS violated 15 U.S.C. § 1692f(6)(A);

   b) Adjudging that PAR, as the debt collector that hired ARS, is liable for ARS's FDCPA violation;

   c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   g) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF FLA. STAT. § 559.72(9)
## ALL DEFENDANTS

43. ARS breached the peace by breaking into Plaintiff's locked garage to accomplish its repossession.

44. A repossession agent's breach of the peace negates a right to possession.

45. Once ARS breached the peace, it lost the right to continue with the repossession.

46. Despite its breach of the peace, ARS continued its repossession efforts and ultimately repossessed the Vehicle.

47. ARS violated Fla. Stat. § 559.72(9) by asserting the existence of a legal right it knew not to exist when it broke into Plaintiff's locked garage to repossess the Vehicle.

48. As the debt collector that hired ARS, PAR is liable for ARS's violation of Fla. Stat. § 559.72(9).

49. As the secured party and debt collector that hired PAR and ARS, APCU is liable for their violation of Fla. Stat. § 559.72(9). Fla. Stat. § 697.609 at Official Comment 3.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ARS violated Fla. Stat. § 559.72(9);

b) Adjudging that PAR is liable for ARS's violation of Fla. Stat. § 559.72(9);

c) Adjudging that APCU is liable for PAR's and ARS's violation of Fla. Stat. § 559.72(9);

d) Awarding Plaintiff statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

e) Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

    f) Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 559.77(2);

    g) Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining ARS from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

    h) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

    i) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    j) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATION OF FLA. STAT. § 679.609
### APCU

50. A secured party violates Fla. Stat. § 679.609 when its repossession agents breach the peace while attempting to repossess collateral.

51. Secured creditors have a non-delegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral.

52. APCU's repossession agents breached the peace by breaking and entering into Plaintiff's garage to repossess the Vehicle.

53. APCU violated Fla. Stat. § 679.609 when its repossession agents breached the peace while attempting to repossess the Vehicle.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that APCU violated Fla. Stat. § 679.609;

b) Awarding Plaintiff statutory damages pursuant to Fla. Stat. § 679.625(3)(b);

c) Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 679.625(2);

d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

54. Plaintiff is entitled to and hereby demand a trial by jury.

Dated: August 21, 2023.

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259